**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:  (415) 651-9700
*Attorneys for Plaintiff*,
Corwin Jackson

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CORWIN JACKSON**<br><br>Plaintiff,<br><br>v.<br><br>**CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES D/B/A THE CCS COMPANIES USA;**<br><br>Defendant | Case No.: 2:19-cv-00682<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector who misrepresented the character, amount and legal status of a debt that the consumer had already disputed in writing in order to try to coerce him into paying the collector money that the consumer never even owed.

2. **CORWIN JACKSON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorney fees, and costs, against **CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES D/B/A THE CCS COMPANIES USA** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be

judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services d/b/a The CCS Companies USA (hereinafter "Defendant The CCS Companies, USA") is a Massachusetts corporation operating from an address of 725 Canton Street, Norwood, MA 02062, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt

collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

19. Defendant's business consists solely of the collection of delinquent consumer debts.

20. On or around April 22, 2018, Plaintiff received a collection notice from Defendant related to a Wells Fargo account debt that wasn't his ("Subject Debt").

21. In response, and within 30 days of receiving Defendant's dunning notice dated April 20, 2018, on or around May 16, 2018, Plaintiff disputed the Subject Debt

by sending a letter to Defendant requesting that Defendant validate the Subject Debt. USPS tracking records indicate this letter was successfully delivered to Defendant.

22. On or around May 27, 2018, Plaintiff received a second collection notice from Defendant regarding the Subject Debt.

23. On or around May 31, 2018, Defendant responded to Plaintiff's May 16, 2018, validation request letter with a letter of its own requesting that Plaintiff provide it with a copy of his entire personal credit report so that Defendant could locate and update the account related to the Subject Debt.

24. Defendant has continued contacting Plaintiff in an attempt to collect the Subject Debt through at least July of 2018.

## ACTUAL DAMAGES

25. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

26. Plaintiff is not sure whether Defendant will continue to attempt to collect the Subject Debt either now or in the future, which has caused Plaintiff a state of anxiety regarding the alleged debt.

27. Plaintiff was surprised to be contacted about the Subject Debt, a debt that he does

not and has never owed. Plaintiff is concerned that the Subject Debt is being wrongly attributed to him, and because of Defendant's improper collection tactics and failure to communicate whether it actually verified the Subject Debt, Plaintiff's anxiety regarding this alleged Subject Debt is ongoing.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692E(2)(A) OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Defendant violated § 1692e(2)(A) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and legal status of the Subject Debt, to wit: that Plaintiff owes $338 to Defendant for the Subject Debt - an overdue Wells Fargo account that Plaintiff never owned.

### COUNT II

### VIOLATION OF § 1692G(B) OF THE FDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A debt collector violates § 1692g(b) of the FDCPA when it fails, to cease

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

collection of a debt upon receipt of a written dispute of the alleged debt.

33. Defendant violated § 1692g(b) when it, among other qualifying actions and omissions, willfully and without justification, continued to contact the Plaintiff in an attempt to collect the alleged Subject Debt after Plaintiff sent Defendant, in writing, a letter disputing the Subject Debt.

## COUNT III

### VIOLATION OF § 1788.17 OF THE RFDCPA

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

36. Defendant violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, including but not limited to, violated §1692e(2)(a) of the FDCPA as stated in Count I above.

37. Defendant violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, including but not limited to, violated §1692g(b) of the FDCPA as stated in Count II above.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and, Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

d) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED.**

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: January 29, 2019

**THE CARDOZA LAW CORPORATION**

BY: /s/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
CORWIN JACKSON